IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-1441 |
| SAMUEL MEEKER | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this 26th day of August, 2019, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(2) because:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. § 875(c), as charged in the criminal complaint filed on August 22, 2019.

2. The evidence in this case is strong. The defendant left a voicemail message that threatened force against the recipient, the defendant expressed his desire to sweep

the County of Lehigh from the map, and his desire for the County's total destruction through genocide.

3. As charged in the criminal complaint, the defendant faces a total maximum sentence of 5-years' imprisonment, 2 years of supervised release, a $250,000 fine and a $100 special assessment. The estimated guidelines range for the charged offense is 27-33 months of imprisonment. Accordingly, the defendant has an incentive to flee.

4. The defendant has a lack of current community ties and employment. The defendant had community ties to the Philadelphia area, but his landlord told FBI agents that he had started eviction proceedings after the defendant's August 2019 rent check bounced for insufficient funds. The defendant has failed to pay his rent and hotel bill, notwithstanding his monthly income of $2,700, therefore he does not appear to be able to competently support himself or have the ability to maintain a steady residence.

5. The defendant has lengthy criminal arrest and conviction history dating back to 2010, including five convictions for misdemeanor controlled substance violations, a 2012 misdemeanor first degree conviction for theft, and a 2018 conviction for misdemeanor third degree defiant trespass and criminal mischief involving his then 92 year old father's property.

6. The defendant's threat to a Lehigh County solicitor shows that the defendant poses an escalating risk of causing great harm to those he believes are responsible for his father's death. Additionally, the defendant has three .9 mm and one .38 caliber firearms registered to him, and the FBI has been unable to locate these firearms.

7. The defendant is a substantial risk of flight because he does not comply with court supervision, he barricaded himself in his apartment when United States Marshals

recently attempted to arrest him, and he is now facing up to a 5-year maximum term of imprisonment, if convicted.

8. The strength and nature of the case against the defendant, combined with the nature and seriousness of the danger to any person or the community that the defendant's release would pose establishes the defendant's danger to the community. The defendant has posed an escalating risk of causing great harm to those he believes are responsible for his father's death.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE HENRY S. PERKIN
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

v.                             :            CRIMINAL NO. 19-1441

SAMUEL MEEKER                  :

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

*"I'M COMING THE F\*CK DOWN THERE! AND I'M COMING THE F\*CK DOWN THERE AND I'M F\*CKING KICKING BUTTS! AND IT BEGINS WITH YOU! MAKE ME A FAIR OFFER B\*TCH!"*

Voicemail message left for Victim #1, who is a solicitor for the Lehigh County Law Department.

On July 22, 2019, and August 9, 2019, defendant Samuel Meeker called and left separate voicemail messages for a solicitor of the Lehigh County Law Department. The second voicemail message threatened force specifically against Victim #1 if she did not pay the defendant a sum of money for settlement of his perceived lawsuit against Lehigh County. The defendant stated in the voicemail message that he wanted the County of Lehigh "swept from the map," "totally destroyed," by "genocide." When deputies of the United States Marshal Service tried to arrest the defendant on state warrants for these threats, the defendant barricaded himself in his apartment. This was not the defendant's first contact with law enforcement as he has been convicted five times for drug possession, has failed to appear in court for hearings unrelated to this case, and has violated probation at least four times. The defendant committed this crime while on county probation.

The United States of America, by William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Kishan Nair, Assistant United States Attorney, moves for a

- 1 -

detention hearing[1] and pretrial detention of the defendant pursuant to 18 U.S.C. §§ 3142(e) and (f)(2). The government seeks this Order, because no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of other persons and the community.[2]

## I. THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A. Probable Cause And The Evidence In This Case

1. There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 875 (transmitting a threat to injure another person), as charged in the criminal complaint, filed on August 22, 2019.

2. The evidence in this case is strong:

   a. The defendant left two separate voicemail messages with the Lehigh County Law Department's internet voicemail system. The second message threatened force against the recipient, the defendant's desire to sweep the County of Lehigh from the map, and his desire for the County's total destruction through genocide; the first message threatened a lawsuit against Lehigh County because of his belief that Lehigh and Northampton Counties had

---

[1] Under the Bail Act, a judicial officer shall hold a detention hearing upon motion of the government in a case, as here, which involves a serious risk that the defendant will flee or a serious risk that such person will obstruct justice, or threaten, injure, or intimidate, a prospective witness. 18 U.S.C. § 3142(f)(2)(A),(B).

[2] The government must prove by a preponderance of the evidence that no conditions of release reasonably will assure the defendant's appearance or prove by clear and convincing evidence that no conditions of release will assure the safety of the community. United States v. Himmler, 797 F.2d 156, 161 (3d Cir. 1986).

kidnapped, robbed, and murdered his father. The defendant identified himself as the caller in the first and second voicemail messages, and in the first voicemail message he left his telephone number, (646) 574-7222. Lehigh County telephone records indicated both of the defendant's calls originated from same telephone number that he left in the first voicemail message. During the defendant's initial detention and transportation on Pennsylvania State terroristic threats charges, United States Deputy Marshal Nik Hannevig, who had previously listened to the voicemail messages described below, positively identified the defendant's voice as the same person who left the voicemail messages for Victim #1 and the Lehigh County Law Department.

On July 22, 2019, the defendant left the following voicemail message with the Lehigh County Law Department, located at 17 South 7th Street, Allentown, Pennsylvania:

> *Yes, um, this message is, uh, to the, uh, County Solicitor, uh, from Samuel [U/I] Meeker. I'm, I'm threatening to sue (stutters) and I do that with, with, with great regret. I mean it's, it's unfortunate that the City of Allentown is continuing to harbor Person #1* [name redacted for purpose of this affidavit]*, uh, who, who murdered my father, uh, in a conspiracy with Person #2, Person #3* [names redacted for purpose of this affidavit]*. Uh, that, uh, healthcare power of attorney that was used to withdraw life sustaining fluids, uh, is in the possession of the Morning Call, uh, and Person #4* [name redacted for purpose of this affidavit] *of the Lehigh Valley Live. Um, I have supplied them with a number of documents that, uh, provides, uh, everyone public the chance to explore my theory and that theory is very simple, that my father was kidnapped, robbed, and murdered and the Counties of Lehigh and Northampton are accessories because they aided and abetted, uh, in the execution of this scheme, uh, with official, uh, actions and, and, and, and support from, uh, County officials. So, with that said sir, uh, I'm going to f\*cking destroy your county unless, uh, arrests are made and the settlement is offered. I mean it's that simple. I mean, I hope you guys really understand, that like I am a reasonable guy, ok, whose father has been murdered. So what that does is it makes me very angry, ok, I'm not threatening anyone's lives, I'm threatening your livelihoods. Uh, your lives, uh, you know, are in, uh, God's hands, and you know (laughing) I have no control over that, right? So, with that said, uh, I would like Person #1, uh, Person #2 and Person #3 arrested. I would like the Allentown Police Department to stop*

- 3 -

> *harassing me and calling me. I have an attorney. A member, a Captain of the west side district just called me and threatened me. He left a voicemail, uh, when he has no right to contact me and I have an attorney. I'm not wanted for questioning in any matter and he's not advising me that my father's been, that my father's murderer has been arrested. So he's harassing me, that's my position. Uh, I've tried to file a criminal report with the Allentown Police Department. They refused to take my report over the phone. So, in that instance, I'm advising you, uh, uh, uh, of your liabilities, uh, I'm threatening to sue, uh, and, you know, uh, if you continue to advise these people in the way that you have and lead them down the path that you have led them, um guess what? You're all going to get f\*cked and you can quote me on that. Have a good day. My number is 646-574-7 Triple 2 (646-574-7222). But I would call the Morning Call and ask them to see the goods, because, they got 'em.*

On August 9, 2019, the defendant left the following voicemail message specifically for Victim #1:

> *Yes, (clears throat) Solicitor \*\*\*\*\* [Meeker stated the actual last name of Victim #1, which has been redacted from this document], this message is from Mr. Samuel Meeker. Um, I wanted to, um, (clears throat) advise you of, you know, the seriousness of this matter. Uh, of my total and complete contempt for the County of Lehigh. For my desire for the County of Lehigh to be (stutters) swept from the map, erased from history… totally destroyed. I mean, absolutely, I mean genocide. The entire County of Lehigh, I desire to not exist. Because the entire County of Lehigh is a corrupt klepto state. It's a piece of sh\*t, and you represent them. So you better tell your piece of sh\*t clients, your f\*cking inbred motherf\*cker clients. They better pay the f\*ck up. Because if they don't pay the f\*ck up, I'M COMING THE F\*CK DOWN THERE! AND I'M COMING THE F\*CK DOWN THERE AND I'M F\*CKING KICKING BUTTS! AND IT BEGINS WITH YOU! MAKE ME A FAIR OFFER B\*TCH!*

B.  **Maximum Penalties**

As charged in the criminal complaint, the defendant faces a total maximum sentence of 5-years' imprisonment, 2 years of supervised release, a $250,000 fine and a $100 special assessment. The estimated guidelines range for the charged offense is 27-33 months of imprisonment.

### C. History and Characteristics of the Defendant

#### 1. Physical and Mental Condition

The defendant has never sought adequate mental health treatment. According to the estate attorney for the defendant's father, an attempt was made to involuntarily commit the defendant before his 2018 arrest related to the defendant's trespass on his 92 year old father's estate. Authorities had told the estate attorney that the defendant would have to seek a voluntary commit and there was nothing they could do if he did not agree. The defendant was evicted from the father's residence for threatening behavior, and the Pennsylvanian State Police-Belfast Barracks had to arrest the defendant when he refused to leave the barn on his father's property, where he had been sleeping.

#### 2. Community Ties/Lack of Employment

The defendant had community ties to the Philadelphia area, but his landlord told FBI agents that he had started eviction proceedings after the defendant's August 2019 rent check bounced for insufficient funds. On August 12, 2019, the defendant stayed at the Hugo Hotel, 525 Greenwich Street, New York, New York. The manager of the hotel told FBI agents that the hotel did not receive payment from the defendant and he left behind a bag of clothing, a passport, other documents, and drug paraphernalia. The defendant is unemployed, but he does have monthly income of $2,700 from his father's estate, as well as principal distributions if he successfully complies with drug screenings prior to each payment. According to the estate attorney, the estate within the last year and a half has distributed approximately $70,000 to the defendant, with the most recent being an April 2019 distribution of $10,000. The defendant failed to pay his rent and hotel bill, notwithstanding his monthly income of $2,700. The

defendant has demonstrated that despite his income, he is not able to care for himself and maintain a stable residence.

### 3. Criminal History

The defendant has lengthy criminal arrest and conviction history dating back to 2010, including five convictions for misdemeanor controlled substance violations, a 2012 misdemeanor first degree conviction for theft, and a 2018 conviction for misdemeanor third degree defiant trespass and criminal mischief at the home of his elderly father.

### D. The Nature and Seriousness of the Danger to Any Person or the Community that would be posed by the Defendant's Release

The defendant's threat to a Lehigh County solicitor is a great concern. Based on his communications, it is clear he poses a significant risk to the people he holds responsible for his father's death. Additionally, the FBI has learned that the defendant is the registered owner of three .9 mm pistols and one .38 caliber. The FBI has not located these firearms.

### E. Risk of Flight

The defendant is a substantial risk of flight because he does not comply with court supervision, he barricaded himself in his apartment when United States Marshals recently attempted to arrest him, and he is now facing up to a 5-year maximum term of imprisonment, if convicted. Moreover, the defendant does not have a fixed residence and, as stated, attempted to evade apprehension.

## II.	CONCLUSION

When all these factors are viewed in light of the sentence defendant faces if convicted, it is clear that nothing short of 24-hour custody and supervision can ensure the safety of the community and/or assure the presence of the defendant as required.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

KISHAN NAIR
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by email, on the following defense counsel:

/s/ Kishan Nair
KISHAN NAIR
Assistant United States Attorney

Date: August 26, 2019